ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Civil File No. 02-0368 PAM/RLE

and

MINNESOTA CEMENT MASONS HEALTH AND WELFARE FUND; MINNESOTA CEMENT MASONS PENSION FUND; MINNESOTA CEMENT MASONS APPRENTICESHIP FUND; AND MINNESOTA CEMENT MASONS SAVINGS FUND,

Plaintiffs,

vs.

D & H CONSTRUCTION, INC.,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF A MONEY JUDGMENT**

---

This matter was heard before the undersigned on the 12th day of December, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

FILED DEC 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 12 2002
DEPUTY CLERK

## FINDINGS OF FACT

1. Defendant D & H Construction, Inc. was served with a Summons and Complaint in this matter on March 14, 2002.

2. Defendant has failed to file and serve an Answer to the Summons and Complaint.

3. One of Defendant's officers appeared at the default judgment hearing on May 30, 2002. The individual appearing is not an attorney. However, at the hearing Defendant agreed to produce documents to the Funds. The hearing was continued to June 27, 2002, at which time Defendant's officer brought the documents to the hearing.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers' and cement masons' work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees for both sets of Plaintiff Funds.

5. Defendant accepted and agreed to be bound to the Collective Bargaining Agreement between the Minnesota State Highway & Heavy Construction Contractors and the Laborers' District Council of Minnesota and North Dakota and its affiliated Union. Defendant also accepted and agreed to be bound to the Collective Bargaining Agreement between the Northern Minnesota Contractors Association and the Minnesota Cement

Masons, Plasterers & Shophands Local #633. Both of these Agreements obligate Defendant, as employer, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. The Agreements also require the employers, such as Defendant, to submit payroll and employment records for audit by the Plaintiffs, to determine its compliance with the reporting obligations.

7. Defendant D & H Construction, Inc. produced a set of records for the period of January 1999 through December 2000. An auditor for both of the sets of Plaintiff Funds reviewed the records.

8. At that time, the Laborers Funds have determined that $6,280.28 is due for fringe benefit contributions. The Cement Masons Funds determined that $1,205.80 is due for fringe benefit contributions.

9. In addition to the documents provided, Defendant produced signed affidavits from employees at which time the Laborers' Funds invoice was reduced. The amount now due to the Laborers' Funds for fringe benefit contributions is $1,111.92. The Cement Mason's invoice was also revised. The amount due to the Cement Masons is $308.05 for unpaid fringe benefit contributions. To date, Defendant has failed to pay the amounts due to the Funds.

10. Both Collective Bargaining Agreements provide that Defendant pay liquidated damages of 10% of delinquent contributions. The liquidated damages for the Laborers' audit total $111.19 and for the Cement Masons total $30.81.

11. Interest charges on the unpaid contributions for the Laborers Funds total $213.36.

12. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action. The attorney fees and costs total $5,010.02. These amounts have been paid by the Laborers Funds.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to a Money Judgment.

2. Defendant owes the Laborers Funds $1,111.92 for contributions, $111.19 for liquidated damages, and $213.36 for interest charges for the audit period of January 1999 through December 2000.

3. Defendant owes the Cement Masons Funds $308.05 for contributions, $30.81 for liquidated damages for the audit period of January 1999 through December 2000.

4. Plaintiffs are entitled to an award of the greater of interest plus liquidated damages or double interest.

5. Defendant owes $5,010.02 for attorney fees and costs.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' motion for a money judgment is granted.

2. That judgment in the amount of $6,548.66 shall be entered against Defendant D & H Construction, Inc. in favor of the Plaintiffs Minnesota Laborers Fringe Benefit Funds; and

3. That judgment in the amount of $338.86 shall be entered against Defendant D & H Construction, Inc. in favor of the Plaintiffs Minnesota Cement Masons Fringe Benefit Funds.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 12, 2002

BY THE COURT

The Honorable Paul A. Magnuson
Judge of District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995